IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HERBERT HASBELL, #880035,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0829-M |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently incarcerated at the Michael Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas. Respondent is the Director of the TDCJ-CID. No process has been issued in this case.

Statement of the Case:  Petitioner pled guilty to sexual assault of a child in the 265th Judicial District Court of Dallas County, Texas, in Cause No. F99-70563-NR. (Petition (Pet.) at 2). Punishment was assessed at forty years imprisonment. (Id.). The Court of Appeals affirmed the conviction and sentence. Hasbell v. State, No. 11-99-00223-CR (Tex. App. – Eastland, April 27, 2000, pet. ref'd) (not designated for publication). Petitioner subsequently filed two state

habeas applications. The Texas Court of Criminal Appeals denied the first application without written order on the findings of the trial court, see Ex parte Hasbell, No. 50,749-01 (Tex. Crim. App., Dec. 12, 2001), and dismissed the second application as successive, see Ex parte Hasbell, No. 50,749-02 (Tex. Crim. App., Oct. 19, 2005). Petitioner also filed a prior federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction on the ground of ineffective assistance of counsel on appeal. See Hasbell v. Dretke, No. 3:03cv1930-L (N.D. Tex., Dal. Div. Aug. 1, 2003). On December 31, 2003, the court adopted the findings, conclusions and recommendation of the magistrate judge, filed on December 5, 2003, and dismissed the habeas corpus petition as barred by the one-year statute of limitations. Id. Petitioner did not appeal.

In the present petition for a writ of habeas corpus, Petitioner again seeks to challenge his conviction for sexual assault of a child. He asserts the following new grounds for habeas relief: (1) the ineffective assistance of counsel rendered his guilty plea involuntary and as a result Petitioner is actually innocent, and (2) the trial court's failure to comply with art. 26.13, rendered his guilty plea involuntary. (Pet. at 7-8).

Findings and Conclusions: The instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). That section provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

2

application."). In Crone v. Cockrell, the Fifth Circuit stated that "'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until . . . [the Fifth Circuit] has granted the petitioner permission to file one.'" 324 F.3d 833, 836 (5th Cir. 2003) (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)).

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Crone, 324 F.3d at 836-37.

The facts underlying Petitioner's claims, relate to events that occurred at or before the plea proceedings, which long predated the filing of the first federal habeas petition in 2003. These claims were, thus, available to Petitioner when he filed his initial federal petition and could have been raised in that petition, but Petitioner failed to do so. As noted previously "[u]nder the abuse-of-the-writ doctrine, a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." Crone, 324 F.3d at 837. Therefore, the Court concludes that the petition for writ of habeas corpus is "successive" under the AEDPA.[1]

Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the present petition, this court lacks jurisdiction to consider the same. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this petition

---

[1] Although the first § 2254 petition was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. See Villanueva v. United States, 346 F.3d 55, 61(2nd Cir. 2003) (addressing issue in the context of a § 2255 motion); Donaldson v. United States, 2003 WL 22959502, No. 01-cv-1061 (N.D. N.Y. Oct. 27, 2003) (same); see also Anders v. Cockrell, 2003 WL 102615 at *2, 3:02cv2513-N (N.D. Tex. Jan. 08, 2003) (addressing issue in the context of a state habeas corpus petition).

3

should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 1st day of June, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.